**DICKSTEIN**SHAPIRO LLP

1177 Avenue of the Americas | New York, NY 10036-2714
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

April 17, 2009

Honorable Louis L. Stanton
United States District Judge
United States District Court
500 Pearl Street, Room 2250
New York, NY  10007

Honorable Denny Chin
United States District Judge
United States District Court
500 Pearl Street, Room 1020
New York, NY  10007

Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
1 Bowling Green, Room 625
New York, NY  10004-1408

Re:   SEC v. Madoff, 08 Civ. 10791
      United States v. Madoff 09 Cr. 213
      SIPC v. Bernard L. Madoff Investment Securities LLC No. 08-01789
      In re Bernard L. Madoff, 09-11893

Dear Judges Stanton, Chin and Lifland:

We are counsel to Bernard L. Madoff. We respectfully submit this letter on behalf of Mr. Madoff in light of the Order to Show Cause, signed by Judge Lifland on April 16, 2009, as to why Judge Lifland should not enter an Order directing the United States Trustee to appoint an interim trustee in this action to "take possession of the property of [Mr. Madoff's] estate." With respect to the instant motion before Judge Lifland, we attach as Exhibit A to this letter my Affirmation, noting several factual inaccuracies and the reasons stated. Our position is that an "interim trustee" should not be appointed at this time. Separately, we respectfully request a joint conference with Your Honors and the interested parties to discuss and hopefully resolve the competing interests that now pervade this case.

We understand that such an appointment would be expected under ordinary circumstances. In light of the number of parallel proceedings with overlapping issues, however, we are concerned that the appointment of such a trustee will result in a contentious, costly and time-consuming litigations in different courts involving identical assets. Our concern is further fueled by the separate and distinct interests of several parties involved in the various litigations before Your Honors: (1) United States Attorney for the Southern District of New York ("US Attorney") on

**DICKSTEIN**SHAPIRO LLP

Honorable Louis L. Stanton
Honorable Denny Chin
Honorable Burton R. Lifland
April 17, 2009
Page 2

issues involving forfeiture; (2) the United States Securities and Exchange Commission ("SEC") on issues involving ill-gotten gains and penalties;(3) Securities Investment Protection Corporation ("SIPIC") Trustee on issues involving marshalling assets on behalf of the victims of Mr. Madoff's fraud; and (4) the Movants in bankruptcy.

With respect to assets owned by Ruth Madoff, Mr. Madoff's wife, I have spoken to her counsel, Peter Chavkin, Esq. at the firm of Mintz, Levin, Cohn, Ferris, Glovsky & Popeo P.C., and we agree that Mrs. Madoff owns certain assets ("Mrs. Madoff's assets") free and clear of any wrongdoing by Mr. Madoff, or to which she has a legitimate, untainted fractional property interest. Mr. Chavkin and I have been advised, however, that the both the United States Attorney and SEC may not have the same view regarding Mrs. Madoff's assets. As a result, if Mrs. Madoff's counsel and we are unable to resolve any differences we may have over Mrs. Madoff's assets, this dispute will in all likelihood be the subject of litigation involving many parties at different times in several courts over the same assets.

In light of the foregoing, we respectfully request that Your Honors conduct a joint conference to determine an orderly process to resolve what could result in different results involving large sums of money, the outcome of which may not be satisfactory to any party or the victims of the fraud.

Respectfully submitted,

Ira Lee Sorkin
(212) 277-6576
sorkini@dicksteinshapiro.com

ILS:mm

cc:  Marc Litt, Esq., Assistant United States Attorney
     Alexander Vasilescu, Esq., Securities and Exchange Commission
     John Carney, Esq. Counsel to SIPC Trustee, Irwin Picard
     Peter Chavkin, Esq., Counsel to Ruth Madoff
     Matthew Gluck, Esq. Counsel for the Movants before Judge Lifland

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                              :    Case No. 09-11893
                                                   :
BERNARD L. MADOFF,                                 :    Chapter 7
                                                   :
                                                   :    **AFFIRMATION**
                                                   :
                                                   :
------------------------------------------------------x

IRA LEE SORKIN, declares and affirms as true, pursuant to 28 U.S.C. Section 1746 and Fed. R. Bankr. P. 9012(b), the following statements.

1. I am a member of the firm of Dickstein Shapiro LLP, counsel to Bernard L. Madoff ("Madoff").

2. I submit this Affirmation in response to the Affirmation of Matthew Gluck in support of the motion for the appointment of an "interim trustee."

3. As counsel for Mr. Madoff, I wish to point out certain factual errors in Mr. Gluck's Affirmation.

4. Mr. Gluck states in ¶7 of his Affirmation that Mr. Madoff "consented to the forfeiture of three of his houses." That is not correct.

5. Exhibit B to his Affirmation is a Confession of Judgment signed by Mr. Madoff and his wife Ruth Madoff in connection with Mr. Madoff's bail. If Mr. Madoff failed to abide by his bail conditions subsequent to December 17, 2008 the three houses referenced in Exhibit B could be forfeited to the United States Government

6. To date, the New York residence remains in Mrs. Madoff's name and has not been forfeited. The house in Montauk, New York has not been forfeited. The Palm Beach house

owned by Mrs. Madoff has been seized by the United States Attorney, with the consent of Mrs. Madoff. The Palm Beach residence will be sold by the United States Marshall Service. Final adjudication as to the forfeiture of sale proceeds will be determined at a future date.

7. With respect to ¶5 of Mr. Gluck's Affirmation, Mr. Madoff advised the United States Attorney, through his counsel, that the checks were in his desk draw. These checks were seized immediately after Mr. Madoff's arrest.

8. Finally, Mr. Gluck's reasons set forth in ¶12 of his Affirmation for seeking the appointment of an "interim trustee" are misplaced in the context of this case.

9. First, the United States Attorney has issued notices of his intention to seize Mr. and Mrs. Madoff's assets, pursuant to 18 U.S.C. Section 981, et seq.

10. Second, Judge Stanton has frozen all of Mr. Madoff's assets at the request of the United States Securities and Exchange Commission ("SEC"). Before Judge Stanton lift's the freeze as Mr. Gluck suggests is a possibility, the SEC will be heard and Movant's counsel can seek the appointment of an interim trustee at that time, if he believes it appropriate. We note also that Judge Stanton modified the freeze order to permit counsel for Mr. Madoff to assist the United States Attorney in acquiring assets, pursuant to the forfeiture statute; and, separately, modified the freeze order to permit counsel for Mr. Madoff to transfer assets to the SIPC Trustee with the knowledge and consent of the United States Attorney and the SEC.

11. Third, Mr. Madoff is certainly in no position from the confines of the Metropolitan Correctional Center to violate restraining orders.

12. Accordingly, to our knowledge Mr. Madoff's assets are either in the possession of, or known to, the United states Attorney and the SIPC Trustee. We respectfully believe that an "interim trustee" will be unable to marshal any assets; and further, any attempt to

do so will complicate the efforts of the United States Attorney, the SIPC trustee and the SEC to compensate victims of Mr. Madoff's fraud.

## CONCLUSION

13.  For the reasons set forth herein the Court should not direct the United States Trustee to appoint an interim trustee, pursuant of 11 U.S.C. 303(g).

14.  I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 17, 2009

o  _____
IRA LEE SORKIN